UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 05-140 ML

JULIO BALCACER BAEZ :

MOTION FOR DOWNWARD DEPARTURE

The defendant moves for a downward departure in the criminal history category of VI to a criminal history category of III, incorporating by reference the attached memorandum of law.

JULIO BALCACER BAEZ,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

## CERTIFICATION

I hereby certify that I served a copy of the within motion to Gerard B. Sullivan, AUSA, via ECF filing on the 14th day of August, 2006 and served by hand-delivery a copy on Kristin Mattias, USPO on August 14, 2006.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CR No.05-140 ML |
| JULIO BALCACER BAEZ | : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DOWNWARD DEPARTURE

The defendant has moved for a downward departure in the criminal history category of VI to a criminal history category of III.

In the Pre-Sentence Report, the defendant receives two criminal history points for the cases set out in paragraphs 25 and 30, both driving offenses. The exact details of the disposition of the offenses were not available at the time the PSR was drafted, however, it is clear that the defendant was not arrested, but, was given a summons to appear. The defendant disposed of both cases on March 13, 1997. He was arrested on March 13, 1997 on the newer case, but, given that there was no intervening arrest until March 13, 1997, the two convictions should be treated as one conviction for sentencing purposes. As the two cases were consolidated for sentencing, the cases fall under the definition of related cases set out in U.S.S.G. § 4A1.2, commentary, n. 3. Since the defendant was not arrested, but, received a summons, the cases must be treated as related cases.

If the two cases are related, then the defendant's criminal history is a IV, as he would have nine (9) criminal history points.

In addition, two of the defendant's other convictions were disposed of on the same date. See PSR, ¶¶ 29 and 32. Although the two cases are not "related cases" under U.S.S.G. § 4A1.2, the two cases were disposed on the same date and are each relatively small transactions. From the defendant's history of heroin use, it is clear that his activities were designed at supporting his habit. See PSR, ¶ 45. The older of the two convictions occurred nearly ten years ago.

For the reasons set forth herein, the defendant respectfully prays that this Honorable Court grant a downward departure from Criminal History category V to category III.

JULIO BALCACER BAEZ,
By his attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
( 401 ) 528 - 4281

**CERTIFICATION**

I hereby certify that I served a copy of the within memorandum to Gerard B. Sullivan, AUSA, via ECF filing on the 14th day of August, 2006 and served by hand-delivery a copy on Kristin Mattias, USPO on August 14, 2006.

/s/ Edward C. Roy, Esquire